GEISTER, et al., Respondents, v. BROWN, Appellant.

(207 N. W. 98.)

(File No. 5473.   Opinion filed January 23, 1926.)

1. **Appeal and Error—Assignments of Error—Waiver—Assignment of Error Not Argued in Briefs Deemed Abandoned.**

   Assignments of error on appeal, not argued in briefs, will be deemed abandoned.

2. **Vendor and Purchaser—Limitation of Actions—Quieting Title—Judgments Held Not to Constitute Cloud on Title.**

   Judgments held not to constitute cloud on title, where judgment debtors had all been made parties to action to quiet title to such land, and decree quieting title had excluded their claims, and judgments in any event would be barred by statutes of limitation, in view of Rev. Code 1919, Secs. 2631, 2632.

3. **Vendor and Purchaser—Minors—Partition—Guardian and Ward —That Guardian of Minors Purchased Their Interest at Partition Sale Held Not Cloud on Title.**

   That guardian of minors purchased their interest at a partition sale held not to constitute cloud on title, where partition sale was made by referee, and guardian and minors were all parties defendant in the action, and guardian owned a part interest in premises, and purchased land for protection of his own interest and those of his wards.

4. **Partition—Judgments—Collateral Attack—Judgment in Partition Proceedings Not Subject to Collateral Attack, in Absence of Proof of Fraud or that Court Was Without Jurisdiction.**

   Judgment in partition proceedings, at which guardian of minors purchased their interest at partition sale, held not subject to collateral attack, in absence of proof of fraud or that court did not have jurisdiction.

5. **Vendor and Purchaser—Estoppel—Rescission—Vendors, by Commencing Action to Quiet Title, Not Estopped from Claiming that Title Was Merchantable.**

   That vendors commenced action to quiet title after having first tendered abstract to purchaser held not to estop them from

claiming that title was merchantable, where purchaser knew that vendors were attempting to perfect title, and made no attempt to rescind.

6. **Vendor and Purchaser—Judgments—Abstract of Title—Abstract Not Objectionable in that Judge Signing Judgment Quieting Title Was Disqualified.**

Abstract of title, submitted after vendors' action to quiet title, held not objectionable because judge signing judgment quieting title was disqualified, in that at time of partition sale of such land he acted as guardian for certain minors, where partition proceedings and action to quiet title constituted two different actions, and no relation of attorney and client existed between judge and any of parties to action to quiet title.

7. **Judgment—Quieting Title—Judgment in Action to Quiet Title Held Binding as Against Objection to Qualification of Judge Where No Appeal Taken Therefrom.**

Where no appeal was ever taken from judgment quieting title, it was binding on all the parties as against contention that judge signing same was disqualified.

8. **Vendor and Purchaser—Tender—Deeds—Contracts—Contract Not Breached in that Vendors Failed to Tender Deed.**

Contract held not breached in that vendors failed to tender deed, where they placed deed in escrow, and delivery of deed and payments to be made were concurrent actions, and purchaser failed to make the payments.

9. **Taxation—Evidence—Objection that Land contract Inadmissible Because Registration Tax Not Paid Held Without Merit.**

In action to forfeit land contract, objection that contract was inadmissible because registration tax had not been paid thereon held without merit.

10. **Vendor and Purchaser—Burden of Proof—Burden of Proving Vendors Guilty of Fraud Was on Purchaser.**

Burden of proving that vendors were guilty of fraud in not paying registration tax on contract was on purchaser.

11. **Vendor and Purchaser—Rescission—Estoppel—Purchaser Held Estopped to Object to Title.**

Purchaser held estopped to object to title, where she had retained possession of premises for some years and received all profits therefrom, had not pleaded rescission, and had made a substantial payment on purchase price after raising objections to title.

Campbell, J., dissenting.

Appeal from Circuit Court, Turner County; Hon. John T. Medin, Judge.

Action by George H. Geister and another against Lucy E. Brown. From a judgment for plaintiffs and an order denying new trial, defendant appeals. Affirmed.

*Danforth & Barron,* of Sioux Falls, and *Edwin L. Brown,* of Lusk, Wyo., for Appellant.

*Bogue & Bogue* and *Dan E. Hanson,* all of Parker, for Respondents.

DILLON, J.  On June 3, 1919, a written contract was entered into by and between defendant and plaintiffs, whereby it was agreed to convey in fee simple a quarter section of land in Turner county.  The purchase price was $24,000; $2,000 of this sum was to be paid at the time of the execution of the contract; $8,000 on the 1st of March, 1920; defendant was to give plaintiffs a first mortgage in the sum of $10,000 at 6 per cent .interest for five years; and a second mortgage in the sum of $4,000 at 7 per cent. interest, to run not to exceed three years.  Defendant was to pay all taxes subsequent to the year 1919, and plaintiffs were to furnish a good and merchantable title and submit same to defendant on or before February 15, 1920.  The $2,000 was paid at the time the contract was executed; $7,000 of the $8,000 payment was paid March 13, 1920, leaving $1,000 of said payment due and unpaid. A forfeiture clause was incorporated in the contract, which provided that failure of the defendant "to make either of the payments, or interest thereon, or any part thereof, or perform any of the covenants on her part, hereby made and entered into, then the whole of said payments and interest, shall become immediately due and payable, and this contract shall, at the option of the party of the first part (plaintiffs) be forfeited and determined," etc. Defendant has had possession of the premises ever since March 1, 1920.  On February 20, 1920, an abstract of title was forwarded to defendant.  This she acknowledged, and made certain objections to the title, viz., that certain judgments, although outlawed, might be a cloud upon the title, and that there was an error in the decree of the county court.  Much correspondence was carried on in regard to this matter, and, on June 18, 1920, defendant advised plaintiffs to institute an action to quiet title.  This was done, and the abstract showing the proceedings to quiet title was then submitted to defendant.  Defendant then objected on the ground that the action to quiet titled was not valid, and from that time on she

did nothing further about closing up the said transaction. Defendant refused to pay the additional $1,000, and refused to execute the $4,000 mortgage, and refused to pay the taxes and the interest on the first mortgage in the sum of $10,000, at the same time retaining possession of the premises and appropriating to herself all the profits therefrom. On August 25, 1921, plaintiffs brought action to foreclose the said contract. Findings of fact and conclusions of law were made in favor of plaintiffs, and judgment was entered, whereby the contract was declared foreclosed unless the defendant, within 30 days from the date of the judgment, paid to the plaintiffs the additional $1,000, with 6 per cent. interest from March 1, 1920; the amount of the second mortgage of $4,000, with interest at 7 per cent. from March 1, 1920; interest at 6 per cent, on the $10,000 from March 1, 1920; taxes for the year 1920 in the sum of $179.30, and for the year 1921 in the sum of $91.42 with interest on said sums of 7 per cent. making a grand total of $8,291.11—this amount of $8291.11 to bear interest at 7 per cent. from March 8, 1923. Defendant made a motion for a new trial. This motion was overruled, and from the order denying a new trial and from said judgment, defendant now appeals.

It is the contention of the appellant that the respondents have failed to comply with the terms of the contract, and that the abstract tendered by respondents does not show a good and merchantable titled. Respondents claim that they have complied with every provision of the contract, and have furnished a good and merchantable title to defendant.

[1] Appellant has assigned some 21 assignments of error, but with the exception of assignments 18, 19 20, and 21, all of which pertain to the same matter, the assignments will be considered as abandoned, since appellant has failed to argue them in her brief. The real questions to be considered in this case are whether or not the abstract submitted to appellant shows a clear title, and whether the fact that appellant has remained in possession of the said premises, and has accepted all of the benefits accruing therefrom, and has paid respondents the sum of $7,000 after examining the abstract, estops appellant from now objecting to the title of said premises.

[2] The objection of appellant to title relates entirely to the validity of the action to quiet title. In her complaint, she claims

that there were judgments on record which would constitute clouds on the title  The record shows that there were five of these judgments, all in small amounts and obtained in the years from 1879 to 1883.  However, an affidavit was filed with the clerk of the court in June of 1920 which is clearly sufficient upon which to base an order for publication of the summons, and to give jurisdiction over all the parties holding the judgments.  Grigsby v. Wopschall, 25 S. D. 564, 127 N. W. 605, 37 L. R. A. (N. S.) 206.  The judgment debtors were all made parties to the action to quiet title, and the decree quieting title excludes their claims.  These judgments were obtained some 40 years ago, and, in any event, would be barred by the statutes of limitation.  Section 2631 and 2632, R. C. 1919, would be controlling.  The record fails to show that any execution had ever been issued, and the judgments can no longer be held liens against the premises.

[3, 4]  In her complaint, appellant contends that the abstract submitted by respondent does not show a merchantable title, since the guardian of the minors purchased their interest at the partition sale.  This partition sale was a sale by a referee and not by the guardian.  The guardian and the minors were all parties defendant in the action, and the guardian was a purchaser at a judicial sale, from which he was not excluded.  The guardian owned a part interest in the premises, and purchased the land for the protection of his own interests and the interests of his wards.  In attacking the partition proceedings, appellant seeks to make a collateral attack upon the proceedings of a court of competent jurisdiction, and thus set aside the decree of such court.  24 Cyc: 72, 73:

"Where the court had jurisdiction, errors and irregularities in the proceedings leading up to the order of sale or in the sale can be made a ground of attack only by some direct proceeding, either before the same court or in an appellate court.  It has been said in case of collateral attack that there may be two grounds on which a judicial sale can be held invalid, either a want of jurisdiction or fraud practiced in effecting it."

Appellant has wholly failed to prove any fraud or to show that the court did not have jurisdiction in the matter.

[5]  Appellant contends that because respondents commenced an action to quiet title after having first tended the abstract are

now estopped from claiming that the title was merchantable. There is no merit in this contention. Appellant knew that respondents were attempting to perfect the title, and made no attempt to rescind the contract, and she is now bound to perform. Hawes v. Swanzey, 123 Iowa, 51, 98 N. W. 586.

[6, 7] Appellant objects to the abstract submitted after the action to quiet title on the ground that Judge Fleeger was disqualified to sign the judgment quieting title. Her complaint is based on the fact that, at the time of the partition sale, Judge Fleeger, who was at that time a practicing attorney, acted for the guardian of certain of the minors. The partition proceedings and the action to quiet title are two entirely different actions. With the exception of the guardian, the parties to the two actions are entirely different parties. The subject adjudicated in the partition proceedings is not the subject adjudicated in the action to quiet title. There was no relation of attorney and client between Judge Fleeger and any of the parties to the action to quiet title. No objection was raised as to the qualification of Judge Fleeger to act at the time the action to quiet title was brought. 23 Cyc. 588:

"A judge is not disqualified by having been counsel of the person, who is interested, or whose estate is involved, where he was never consulted relative to the particular matters, which are the subject of the cause or proceeding before him."

No appeal was ever taken from the judgment quieting title, and such judgment must now be held to be binding upon all of the parties.

[8] The contention of the appellant that respondents failed to fulfill their part of the contract as to the tendering of the deed is entirely without merit. The record clearly shows that the deed had been left in escrow by the respondents. The delivery of the deed and the payments to be made according to the contract were concurrent actions, and the appellant had no right to receive the deed until she had made her overdue payments.

[9, 10] Appellant contends that because the registration tax was never paid upon the contract that said contract should not have been admitted as evidence. This is without merit. The burden of proving that the respondents were guilty of fraud in not

paying the tax was upon the appellant, and she has wholly failed to submit any evidence to support this contention.

[11] The appellant has retained possession of the premises since March 1, 1920; she has received all of the profits accruing therefrom; she has, at no time, pleaded rescission of the contract; and possession of the premises has not been restored to the respondents. Appellant made a payment of $7,000 after raising objections to the title. In view of all of the above stated facts, we conclude that appellant has estopped herself from further objecting to the title of said premises. Allen v. Adams, 162 Iowa, 300, 143 N. W. 1092; Worley v. Nethercott, 91 Cal. 512, 27 P. 767; 25 Am. St. Rep. 209; Rhorer v. Bils et al., 83 Cal. 51, 23 P. 274; McLeod v. Barnum, 131 Cal. 605, 63 P. 924; Black on Rescission and Cancellation of Instruments, Sec. 438.

The judgment of the lower court is affirmed.

CAMPBELL, J., dissents.