BRENEMAN et al., Appellants, v. AUNE, Respondent

(44 N. W.2d 219)

(File No. 9141. Opinion filed October 11, 1950)

Rehearing denied January 1, 1951

**John Carl Mundt,** Sioux Falls, for Plaintiffs and Appellants.

**Danforth & Danforth,** Sioux Falls, for Defendant and Respondent.

ROBERTS, J.   Plaintiffs brought this action to rescind a contract alleged to have been procured by defendant through fraud for the purchase of a residence property in the city of Sioux Falls and for other relief.   Defendant answered denying the allegations of fraud, and affirmatively sought strict foreclosure of the contract.   Plaintiff replied putting in·issue all material facts raised by the cross complaint.   The court made findings in favor of defendant and rendered judgment foreclosing all rights under the contract unless plaintiffs within three months after service of notice of entry of judgment comply with the terms of the contract on their part and pay the costs taxed in the action.   Motion for new trial having been overruled, plaintiffs appealed from the judgment.

The allegation of fraud is in substance that defendant represented to the plaintiffs that the house "was in number one shape", was complete and was constructed of seasoned lumber and that the representations were false because of the fact that the house was not complete and did not have in it seasoned lumber.   The basic question presented by the pleadings was whether defendant made the representations

in question and whether plaintiffs relied upon them in entering into the contract. The trial court made the following pertinent findings of fact:

"II. That the plaintiffs herein, in the month of January, 1949, after contacting many real estate agents in Sioux Falls, contacted one real estate agent or broker, John O. Sholseth, of Sioux Falls, who did not have said premises actually listed for sale, but thought that said property would be the type of property that the plaintiffs desired and that the same might be for sale; that he contacted the defendant, the owner, on the 12th day of January, 1949, and the plaintiffs accompanied said real estate agent and the defendant owner thereof to said premises and fully inspected said premises; that the defendant priced said real estate at the sum of $7,000.00, the plaintiffs to pay any real estate commission to said broker, Sholseth; that after making such inspection the parties returned to the office of said Sholseth in Sioux Falls, and on said 12th day of January, 1949, entered into a contract in writing, a copy of which said contract is hereunto attached and marked Exhibit A, and made a part hereof, wherein and whereby the plaintiffs agreed to purchase said premises per the terms and conditions of said written agreement, and on the 13th of January, 1949, paid to said broker the down payment of $2,300.00, of which $300.00 was retained by said broker as and for his commission, and $2,000.00 paid to said Aune, and that on said date, to-wit: January 13, 1949, the plaintiffs entered into possession of said property and have continued to reside therein ever since and are still in actual use and possession of said property. * * *

"V. The Court further finds that there were no false and fraudulent representations made by the defendant herein as an inducement to the plaintiffs entering into said contract, and that the defendant acted in good faith in every manner in said transaction.

"VI. That in entering into said contract the plaintiffs were given a full and complete opportunity to make a full and complete inspection of said premises and the defendant did nothing to prevent such inspection and that the plain-

tiffs relied upon their own judgment after making such inspection."

■ ■ The general principles applicable to fraudulent representations are well settled. 'Fraud is never presumed, but must be proved by the party who relies on it. Geister et al. v. Brown, 49 S.D. 262, 207 N.W. 98. This does not mean, however, that fraud must be proved by direct or positive evidence, but it will be sufficient if facts and circumstances be proved from which it can be fairly inferred. Life Benefit, Inc., v. Elfring, 69 S.D. 85, 7 N.W.2d 133. To secure avoidance and rescission of the transaction, it was incumbent upon the plaintiffs clearly to establish that there was expressly or by course of conduct misrepresentation or concealment of a material fact and that they were thereby induced to make the purchase which would not otherwise have been made.

In January, 1949, plaintiffs, residents of Mobridge, South Dakota, went to Sioux Falls with the intention of purchasing a residence and made contact with John Sholseth, a real estate agent. Plaintiffs accompanied by Sholseth and defendant inspected the property which is the subject of this litigation. It was a new structure and had not been occupied. The testimony of the plaintiffs is to the effect that defendant made the representation that the house was well constructed, complete and ready for occupancy. They agreed to purchase the property and a contract was signed by the parties. The next day plaintiffs made payment of $2,300 and took possession of the house and have continued to reside therein. They made numerous complaints which they ultimately asserted in this action. Specifically plaintiffs claim that improper construction of the foundation caused sagging of the house and cracking of the plaster; that water seeped into the basement because the walls had not been waterproofed; that the bedrooms and closets having been .papered, inspection did not reveal that these rooms had not been plastered; that the plumbing had not been properly installed; and that defendant had not complied with the plumbing, electrical and building codes of the city of Sioux Falls.

■ ■ Defendant in his testimony denied that the representations were made. The evidence respecting observable conditions and the quality of materials in the structure and workmanship is also in conflict. The trial judge accompanied by counsel went upon and viewed the premises. Great weight must be accorded to the findings of the trial judge who having heard the testimony and viewed the premises was in a peculiarly advantageous position to weigh and evaluate the testimony. Whether the fraudulent representations in question were made to induce plaintiffs to enter into a contract, and, if so, whether they relied upon such representations were in view of the conflicting evidence questions of fact for the trial court and as the credibility of witnesses has entered into the findings, we would not be warranted in reversing the judgment unless the evidence clearly preponderates against them. Houck v. Hult, 63 S.D. 290, 258 N.W. 142; Johnson v. Olson, 71 S.D. 486, 26 N.W.2d 132. We cannot say that the court erred in deciding that no fraudulent representations were made by defendant to induce plaintiffs to enter into the contract.

■ Plaintiffs have assigned as error the denying of their motion for a new trial. The affidavits filed in opposition to the matters set forth in affidavits filed by plaintiffs create the same conflict as that presented by the evidence presented at the trial. Furthermore, there was no showing that the evidence could not have been produced at the trial. We find no abuse of discretion in denial of such motion.

The judgment appealed from is affirmed.

All the Judges concur.