AUNE, Appellant, v. BRENEMAN et al., Respondents

AUNE, Respondent, v. BRENEMAN et al., Appellants

(52 N. W.2d 483)

(File Nos. 9262 and 9263. Opinion filed March 17, 1952)

**Danforth & Danforth,** Sioux Falls, for Aune.

**John Carl Mundt,** Sioux Falls, for Fred M. and E. O. Breneman.

SICKEL, P. J.   Ole Aune, owner of a residence property in Sioux Falls, sold it on an executory contract to Fred M. Breneman and Elvina O. Breneman on January 12, 1949. The consideration was $7,000, payable $2,300 in cash and the balance on March 1st 1949.   The purchasers took possession at the time of the execution of the contract.   After default in the March 1st payment the purchasers commenced an action to rescind the contract on the ground of fraud and to recover the consideration already paid. The vendor answered denying the claim of fraud and alleging a counterclaim for the foreclosure of the contract on the ground of the purchasers' default.   At the trial the purchasers' complaint was dismissed on the merits and judgment of foreclosure was entered on the counterclaim, allowing the purchasers three months from the service of the notice of entry of judgment within which to pay the principal and interest due on the contract and the costs of the action.   The purchasers appealed and the judgment of the circuit court was affirmed by this court in Breneman v. Aune, 73 S.D. 478, 44 N.W.2d 219. The remittitur was filed in the office of the clerk of courts on January 12, 1951.   Thereafter, on January 19, 1951, the vendor commenced an action in forcible entry and detainer.

The purchasers answered contending that the three month period of redemption allowed by the judgment of foreclosure had been extended by the appeal and did not commence to run until the filing of the remittitur in Breneman v. Aune. This contention was sustained by the circuit court and judgment was entered dismissing the action. On April 4, 1951, the vendor appealed.

The strict foreclosure statute provides: "* * * unless the parties against whom such judgment is rendered shall fully comply therewith within the time specified, such judgment shall be and become final without further order of the Court, and all rights asserted under the contract sued on shall thereupon be forever barred and foreclosed." SDC 37.3101. The judgment in the foreclosure action was filed August 16, 1949, and notice of entry of the judgment was served on the same day. The period of time allowed for compliance with the judgment expired on November 16, 1949. On December 16, 1949, the purchasers applied for and obtained an order fixing the amount of the undertaking for stay of execution on appeal at $1,250. On December 21, 1949, the undertaking and the notice of appeal were served on the vendor.

The question here is the effect of the stay of execution. SDC 33.0727 provides: "Whenever an appeal shall have been perfected and the proper undertaking given or other act done prescribed by this title to stay the execution or performance of the judgment or order appealed from, all further proceedings thereon shall be thereby stayed accordingly * * *." The stay of execution suspends "further proceedings", and preserves the status quo pending the determination on appeal and the filing of the remittitur in the circuit court. Nothing in this statute indicates that the stay of proceedings shall do more than suspend the judgment and preserve the status quo from the time tthe stay becomes effective until the filing of the remittitur. "But as a rule it does not reverse,annul, or undo what has already been done; and in most jurisdictions the judgment, order, or decree is not vacated or annulled, nor its validity or effect impaired thereby." 3 C.J., Appeal and Error, § 1446, 4 C.J.S., Appeal and Error, § 662.

The Supreme Court of Minnesota said in Woolfolk v. Bruns, 45 Minn. 96, 47 N.W. 460: "A supersedeas is a statutory remedy, and is only obtained by a strict compliance with all the required conditions, one of which in case of an appeal from an order is that the supersedeas bond shall be filed in the office of the clerk of the court where the order is filed. * * *. Hence, proceedings on the order are stayed, and rights under it are saved, as of the date of the filing of the bond. The supersedeas does not relate back to the date of the order, so as to annul proceedings already had, or restore rights under it already lost. The stay simply leaves the proceedings on the order, and the rights of the appellant under it, just as they are when it takes effect on the date of filing the bond. In the present case, the right of the appellant under the order to serve an amended answer had expired before the supersedeas bond was filed; and hence was not 'saved' by the stay, as there was then nothing to save."

In the case of Hovey v. McDonald. 109 U. S. 150, 3 S.Ct. 136, 27 L.Ed., 888, the receiver was served with a decree ordering the delivery of funds to the defendant. The appeal was taken in time, but the supersedeas bond was not filed until fourteen days after the entry of judgment. In the meantime the receiver had paid to defendants the funds in his hands as directed by the decree. It was held that the duties of the receiver had not been suspended by the supersedeas.

Hey v. Harding, 25 Ky.Law Rep. 1454, 78 S.W. 136, was decided under a staute which provided that: "An appeal shall not stay proceedings on the judgment unless a supersedeas be issued." Civ.Code Proc. § 747. The court said: "The judgment discharging the attachment, under section 228 of the Code, entitled Harding to the return of the attached property or its proceeds. If appellant desired to prevent this from being done, it was incumbent upon him to supersede the judgment. Having failed to do this, Harding became entitled to the proceeds of the sale of the attached horses. As this was made to him before the supersedeas, the appeal or the supersedeas afterwards had no retroactive effect upon the validity of the payment."

In the case of Runyon v. Bennett, 4 Dana, Ky. 598, 29 Am.Dec. 431, it was said: " 'A supersedeas suspends the efficacy of the judgment, but does not, like a reversal, annul the judgment itself. Its object and effect are to stay future proceedings, and not to undo what is already done. It has no retroactive operation, such as to deprive the judgment of its force and authority from the beginning, but only suspends them after and while it is itself effectual. A consequence of this is that whatever is done under the judgment after and while it is superseded, being done without authority from the judgment, which is then powerless, and against the authority and mandate of the supersedeas, should be set aside as improperly and irregularly done; but that whatever is done according to the judgment, before the supersedeas takes effect, is upheld by the authority of the judgment, and is not overreached by the supersedeas.' "

Respondent cites Morgan v. Williams, 85 Fla. 219, 95 So. 611, 28 A.L.R. 1020, and the annotations following that case. These cases have been carefully examined, and none of them, so far as the opinions show. are inconsistent with the authorities referred to above.

■ For the reasons stated the time allowed by the judgment for compliance with the terms of the contract was not extended by the supersedeas or the stay order, and the judgment in case Number 9262 is reversed with directions to enter judgment for the plaintiff for the relief demanded in the complaint.

On November 12, 1949, the purchasers obtained an order for a sixty-day stay of all proceedings except the entry of judgment and the taxation of costs until their motion for a new trial should be decided, and until December 22, 1949. This order did not become effective until it was filed on December 14, 1949, nearly a month after the time for performance fixed by the decree had expired. It did not extend the time allowed for performance of the contract for the same reason that the supersedeas was ineffectual for that purpose.

■ Thereafter and on April 24, 1951, Aune, the vendor, commenced another action for the recovery of possession of the property on the ground that more than three months

had elapsed since the filing of the remittitur in Breneman v. Aune, supra, and the failure of the purchasers to pay the balance due under the contract. The purchasers defended this action on the ground that within three months after the filing of the remittitur in Breneman v. Aune, they made a tender to the vendor of all sums due under the contract and that this tender was refused. Judgment was entered in that action determining that the vendor was entitled to immediate possession of the property and that the purchasers no longer had any right, title or interest therein and directed the sheriff of Minnehaha county to remove them from the premises. From this judgment the purchasers appealed. The appeals in this case and the other forcible entry and detainer case were consolidated by stipulation of the parties. The tender, if it was a tender, was not made within the time allowed for performance of the judgment in Breneman v. Aune, supra, and therefore did not constitute a defense in that action. The judgment in this case is therefore affirmed.

All the Judges concur.