FUNKE et ux., Respondents v. HOLLAND FURNACE COMPANY, Appellant

(102 N.W.2d 668)

(File No. 9810. Opinion filed May 3, 1960)

**Henry C. Mundt,** Sioux Falls, for Defendant and Appellant.

**Kirby, McDonnell & Kirby, Gene McDonnell,** Sioux Falls, for Plaintiffs and Respondents.

HANSON, J.   The Holland Furnace Company sold a new furnace to Mr. and Mrs. Joe Funke, an elderly couple living at Rowena, South Dakota. The furnace was not satisfactory and failed to heat the Funke home. This action to rescind the sale and recover the purchase price of the furnace upon grounds of fraud and breach of warranty followed. The trial court found fraud in the inducement of the contract and entered judgment in favor of plaintiffs in the amount of $923. Defendant appeals.

The trial court made and entered the following findings of fact:

"I.

"In June of 1958, upon the solicitation of defendant's agents, the plaintiffs had their furnace cleaned, and paid Twenty Dollars ($20) to defendant therefor. Thereafter, an "inspector for defendant called on plaintiffs, purportedly for the purpose of checking on the cleaning job. As a result, the 'inspector', who was also a salesman for defendant, told the plaintiffs their furnace was cracked, the rivets were not good, that it could explode and was dangerous. This statement was false and defendant's inspector-salesman knew it to be false.

The plaintiffs relied upon this statement and were frightened by it, and were induced thereby to purchase a furnace from defendant.

## "II.

"The old furnace of plaintiffs had always worked well in plaintiffs' home for nine (9) years prior to the cleaning by the defendant, and had always adequately heated the plaintiffs' house.

## "III.

"Defendant's inspector-salesman, after telling plaintiffs the old furnace was dangerous, proceeded to sell plaintiffs a new Holland gas furnace. He told plaintiffs he could give them a good price because the existing pipes and heat stacks in the house were perfectly good and did not need replacing. Said inspector-salesman knew at the time that the Conditional Sales Contract, Exhibit '1', excluded warranty of heating service where existing pipes and heat stacks were already installed in the premises unless an exception to this exclusion was endorsed on the contract by special notation. He made the oral statement as an inducement of sale, but knowingly and deliberately refrained from noting same on the contract. The plaintiffs relied on the statement by the defendant's inspector-salesman that their existing pipes and heat stacks were perfectly good and that thereby they could get a good price, and they were materially induced thereby to purchase a furnace from defendant. The inspector-salesman told plaintiffs the new furnace would heat their home and solve their furnace problems.

## "IV.

"That on June 16, 1958, the plaintiffs and defendant executed the Conditional Sales Contract, Exhibit '1', by which plaintiffs purchased a gas

furnace from the defendant for Nine Hundred Twenty-three Dollars ($923). A few days after the contract was signed plaintiffs paid the full price, which included an allowance of Fifty Dollars ($50) for the old furnace.

"V.

"During the first cold weather, in October of 1958, the new furnace would not heat the plaintiffs' house. Plaintiffs reported several times to three different employees of defendant that the furnace did not heat the house and that little or no heat reached the rooms thereof. Over a period of several weeks defendant made unsuccessful attempts to fix the furnace. Mrs. Funke, on her final call to defendant for help with the furnace, was refused further service. In all, defendant made five (5) or six (6) calls at plaintiffs' home to attempt to correct the heating deficiencies of the Holland furnace. At no time after the onset of cold weather did the Holland furnace ever properly heat the rooms of plaintiffs' house.

"VI.

"The new furnace installed in plaintiffs' house by defendant was inefficient, inadequate, improperly designed, and did not properly heat the plaintiffs' house.

"VII.

"The existing pipes and heat stacks in the plaintiffs' house were in good condition at all times material herein.

"VIII.

"On October 27, 1958, the plaintiffs' attorney sent to defendant the letter, Exhibit '5', restating an oral offer made by him on behalf of plaintiffs on October 25, 1958, to restore the Holland furnace

upon refund of the consideration, and requesting removal of the Holland furnace. Defendant refused said offer. Said letter advised the defendant that the Holland furnace did not do the job is was designed to do.

"IX.

"On November 16, 1958, the plaintiffs caused the Holland furnace to be removed, and purchased and had installed another new furnace, which was also connected to the existing pipes and heat stacks in plaintiffs' house. This furnace has at all times since its installation properly heated the house of plaintiffs."

Although fraud is never presumed it may be proved otherwise than by direct and positive evidence. Like other issues of fact it may be established by inference arising from all the other facts and circumstances in evidence. Breneman v. Aune, 73 S.D. 478, 44 N.W.2d 219. The plaintiffs sustained the burden of proving fraud to the satisfaction of the trial judge. Because of conflicting evidence in this regard the credibility of the witnesses becomes an important factor. It is well settled that "where credibility of witnesses enters into the findings they will not be disturbed unless the evidence clearly preponderates against them." Crawford v. Carter, 74 S.D. 316, 52 N.W.2d 302, 306. Reviewing the evidence in this case, as we are obligated to do, in a light most favorable to plaintiffs we are unable to find the same clearly preponderates against the findings of the court. Because the finding of fraud vitiates the contract of sale it becomes unnecessary to consider appellant's assignments of error with reference to breach of warranties and sufficiency of notice of defects thereunder.

Affirmed.

All the Judges concur.

SMITH, J., not participating.