PER CURIAM.
This case is before the court on appellee’s motion to dismiss the appeal. The case has had a long and tortuous journey through the appellate courts of Florida, and the end is not yet in sight.
Appellee sued appellant in the Circuit Court of Duval County in a tort action claiming damages for wrongful eviction. The jury rendered a verdict in favor of plaintiff in which it awarded both compensatory and punitive damages. Judgment was rendered upon the verdict, whereupon *199 defendant timely filed a motion for new trial. Under the rules of appellate procedure a final judgment is not deemed rendered until final disposition is made of a timely and proper motion for a new trial.[1]
Upon consideration of defendant’s motion the trial court entered an order providing that if plaintiff filed a remittitur for that portion of the verdict which awarded punitive damages, the motion for new trial would be denied, otherwise, a new trial is granted. The trial judge failed to incorporate in this order the ground of the motion on which he relied to support his action as required by the statute.[2] Some eleven days later the trial judge, on his own motion, rendered an amended order incorporating the contents of his original order, and in addition assigning the ground of the motion on which the new trial was granted.
The plaintiff refused to enter the remit-titur as directed by the court, the effect of which was to render operative that portion of the order granting a new trial, and which by inference set aside the verdict and judgment theretofore rendered in the cause.
On appeal to this court we held that the ground on which the trial court relied to support its order granting a new trial was without proper legal foundation and therefore erroneous. For this reason the order granting a new trial was reversed and the cause remanded with directions that judgment be entered on the verdict in favor of appellant.[3]
Appellee Lehman promptly petitioned the Supreme Court for writ of certiorari to review our decision on the ground of conflict. Some one year and three months later the Supreme Court rendered its decision affirming the action of this court in holding that the order granting a new trial was erroneous and should be reversed.[4] The Supreme Court’s mandate issued on January 19, 1966; that court’s decision was adopted as the decision of this court by order on the mandate rendered January 20, 1966. Upon the lodgment in the trial court of the Supreme Court’s mandate and our order thereon, the order granting a new trial was set aside and held for naught and the original judgment rendered on the jury’s verdict was reinstated.
Within sixty days following the going down of the appellate mandate, defendant Lehman filed his notice of appeal as provided by law [5] seeking review by this court of the reinstated final judgment dated January 14, 1964. Plaintiff appellee, Spencer Ladd’s, Inc., has moved to dismiss the appeal on the ground that the notice thereof was filed more than two years subsequent to the rendition of the judgment sought to be reviewed by reason of which this court lacks jurisdiction to entertain the appeal.
When the trial court entered its order granting a new trial to defendant Lehman in February, 1964, the effect of the order was to set aside the verdict rendered by the jury and the judgment previously rendered by the court on that verdict. The court’s order granting a new trial was presumptively valid and effectual until reversed on appeal. The effect of the order was such that there remained no final judgment from which defendant Lehman could have appealed, even if he had so desired. An appeal at that time by Lehman was not indicated because the trial court had granted his motion awarding him a new trial on the merits. It was not until the mandate of the Supreme Court, together with this court’s order thereon, was lodged in the trial court that the order granting a new trial was set aside and the original judgment of January 14, 1964 reinstated. Since this appeal by defendant has been taken and notice thereof filed within sixty *200 days from the lodgment in the trial court of our order on mandate dated January 20, I960, the appeal taken herein is timely and not subject to dismissal on the ground asserted by appellee. The motion to dismiss the appeal is accordingly denied.
WIGGINTON, Acting C. J., and STUR- '■ GIS and JOHNSON, JJ., concur.

. Rule 1.3, F.A.R., 31 F.S.A.

. F.S. § 59.07(4), F.S.A.

. Spencer Ladd’s, Inc. v. Lehman, (Fla.App.1964) 167 So.2d 731.

. Lehman v. Spencer Ladd’s, Inc., (Fla.1966) 182 So.2d 402.

. F.S. § 59.08, F.S.A.; Rule 3.2, subd. b, F.A.R.