HENDRY, Judge.
Kenneth D. Rosen and Harvey M. Rosen, trustees, have moved for an order on the mandate which was filed pursuant to the opinion originally rendered in this cause, Rosen v. Hunter, Fla.App.1969, 224 So.2d 371. The original position of the parties in trial was as follows: the Swartswelters, appellees herein, were the defendants in a foreclosure action brought by the Hunters as plaintiffs. The Rosens, appellants herein, were intervenors below, having been successful bidders at the judicial sale of foreclosure.
Final default judgment of foreclosure on real estate owned by the Swartswelters was entered on March 8, 1968. Within the judgment, there was no specific provision setting forth a time certain within which the equity of redemption on the property would be available and exercisable by the Swartswelters; however, the judgment did provide that the equity of redemption would be barred by confirmation of the sale. Pursuant to the court’s order, foreclosure sale was held on March 27, 1968, at which time the property was purchased by the inter-venors. Objections to the sale were filed by the Swartswelters, and after a hearing thereon the chancellor entered his order vacating the sale on May 8, 1968.
The original appeal was taken by the Rosens in their capacity as intervenors. Their appeal was successful, and this court rendered its decision, supra, on June 24, 1969. On July 8, 1969, the clerk of the lower court reported that he had received an amount from the Swartswelters representing the total amount due under the final judgment of foreclosure, and construed the payment of that amount as the satisfaction of said final judgment and redemption of the equity in the property. However, on July 11, 1969, the clerk received the mandate from this court which reversed that order of the trial court vacating the sale. Thus, the conflict was framed as between the original mortgagors, Swartswelters, who moved in the trial court for an order directing the clerk to disburse the money they had tendered for the purpose of redeeming their mortgage; and the Rosens, who as intervenors filed the motion sub judice in this court requesting that the clerk of the trial court be directed to issue the certificate of title to the subject property in compliance with the foreclosure sale proceedings.
The trial judge, being presently faced with this controversy, has certified the question to us for resolution. At the onset, we note that we cannot answer the certified question since there has been no prior judicial determination by the court certifying it to us. Jordan v. Aetna Insurance Company, Fla.App.1968, 172 So.2d 483; Rosenberg v. Ryder Leasing, Inc., Fla.App.1964, 159 So.2d 873. However, the appellant’s motion, framing the issues for our resolution, will suffice to invoke this court’s jurisdiction for purposes of settling the issue regarding equity of redemption. Eg., McCutchen v. Hillman, Fla.App.196S, 177 So.2d 893; D. E. R. Company v. Warriner, Fla.App.1963, 156 So.2d 183.
We find merit in the position taken by the Swartswelters. Initially, we recognize that the order of reversal which emanated from this court in the case contained in 224 So.Zd 371, supra, was not effective as a confirmation of the sale since the mandate in that case reached the clerk of the court at a time subsequent to the original attempt of the Swartswelters to redeem their equity. Cf. Morgan v. Williams, 85 Fla. 219, 95 So. 611, 28 A.L.R. 1020; Lehman v. Spencer Ladd’s Inc., Fla. App.1966, 185 So.2d 198. Moreover, it must first be noted that the right to redemption is an inherent incident to any mortgage. Quinn Plumbing Company v. New Miami Shores Corporation, 100 Fla. 413, 129 So. 690; 73 A.L.R. 600. In the case of Van Huss v. Prudential Insurance Company of America, 123 Fla. 20, 165 So. 896, the court *691 therein held that where a foreclosure judgment does not state a particular period in which the mortgage indebtedness must be satisfied, the privilege of redemption by the mortgagor of his equity in the property may be exercised as a matter of right at any time prior to the issuance of the master’s deed to the purchaser at a foreclosure sale, unless the court should by its further decree otherwise specifically direct.
The above holding was further confirmed in the case of Holloway v. Sewell, 140 Fla. 464, 191 So. 825, wherein the court held that the right of redemption may be exercised at any time before the chancellor places his stamp of approval on the actual foreclosure sale, which approval is generally done by the entry of the order confirming the master’s report of the foreclosure sale.
The above authorities have convinced us that this court should deny the motion of the appellants. Therefore, the motion for order on the mandate is hereby denied.