**Wendell JENSEN, Appellee,**

v.

**Gail SOHLER, d/b/a Stockmen's Livestock Auction Company, Appellant,**

**Donald Lepp.**

**No. 79–1101.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1979.

Decided June 29, 1979.

---

James T. Goetz, (argued and filed briefs) Goetz, Hirsch, Haar & Klimisch, Yankton, S. D., for appellant.

David V. Vrooman, Sioux Falls, S. D., argued and filed brief, for appellee.

Before LAY and HEANEY, Circuit Judges, and DEVITT,* District Judge.

LAY, Circuit Judge.

Wendell Jensen brought this action against Gail Sohler d/b/a Stockmen's Livestock Auction Company (Stockmen's), for misrepresentation in connection with Jensen's purchase of 81 heifers at Stockmen's. Jensen alleged that some of the 81 heifers delivered to him were not the same heifers that he purchased. The jury returned a verdict in favor of Jensen and awarded damages of $19,500. Sohler on appeal contends the trial court erred in failing to grant his motion for a directed verdict on the ground there was not sufficient evidence from which the jury could find intentional misrepresentation. We disagree and affirm the judgment of the district court.

The record shows that on November 9, 1976, Wendell Jensen, the owner and operator of a 240 acre grain-livestock farm near Holstein, Iowa, went to Stockmen's, which is located at Yankton, South Dakota, for the purpose of purchasing replacement cattle. On that date Jensen purchased 81 branded, choice quality heifers which were represented as being from the Miller Ranch in Montana. At the time of the sale the heifers appeared healthy. After the sale the heifers were placed in one of Stockmen's pens to await their pickup by Jensen. Jensen's first impression when the heifers came off the truck was that they were different than the ones he had purchased. He treated two of the calves with medication, one of which died on November 14, 1976. On November 15, 1976, Dr. Robert Rognes, a veterinarian, examined the heifers, treating three or four that had devel-

oped symptoms of illness. Despite the efforts of Dr. Rognes and Jensen, 60 of the 81 heifers died over a nine-month period. The cause of death generally was pneumonia.

The record is uncontradicted that the heifers Jensen purchased were branded. Jensen, however, checked the 60 heifers that died for brands and found none. Dr. Rognes also checked many of the heifers and he did not find any brands. Some of the 21 heifers that lived were branded.

Defendant concedes that there was some evidence from which the jury could find that the heifers delivered to the Jensen farm were not the ones he purchased. Defendant maintains, however, that there was no evidence from which the jury could find that the "switch" was intentional. The record is uncontradicted that the heifers purchased by Jensen were clean, healthy, choice cattle.[1] The record is also uncontradicted that from the time the heifers were sold until the time they were picked up, Stockmen's had sole control of the heifers. Jensen's trucker testified that when he picked up the heifers, six were awfully dirty, one was thumping, and, on the whole, the heifers looked "awfully beat." Dr. Rognes testified that in his opinion the cattle were stale.

Dr. Rognes also testified that the heifers had been ill when originally purchased by Jensen and would have shown symptoms of illness ten days to two weeks before they were delivered to Jensen's farm. Dr. Rognes further testified that had the animals been standing quietly in a yard, the symptoms would have been observed. Had the animals been running around in a pen, the symptoms would not be noticeable since animals "brighten up when you move them."

In South Dakota fraud must be proved by a preponderance of the evidence. *Aschoff v. Mobil Oil Corp.*, 261 N.W.2d 120,

---

* Edward J. Devitt, Chief Judge, District of Minnesota, sitting by designation.

1. The 81 heifers purchased by Jensen were part of a herd of 360 heifers that were sold at Stockmen's. The record shows that the persons purchasing the balance of the herd, including Sohler, had no unusual trouble with the heifers.

125 (S.D.1977). Like other issues of fact, however, it need not be proved by direct evidence. Fraud "may be established by inferences arising from all the other facts and circumstances in evidence." *Funke v. Holland Furnace Co.*, 78 S.D. 374, 378, 102 N.W.2d 668, 670 (1960). Although writing in a different context, the South Dakota Supreme Court has observed:

> "It is often difficult to prove the absence of an intent to perform such a promise. To establish that fact it is necessary to prove a state of mind. The intention not to perform 'may be inferred from the fact that, after performance by the promisee, the promisor does not even make a pretense of carrying out his promise, or evades and refuses to perform it.'"

*Hawkins v. Kennedy*, 79 S.D. 33, 37–38, 107 N.W.2d 340, 342 (1961), *quoting Foster v. Dwire*, 51 N.D. 581, 199 N.W. 1017, 1021 (1924).

Here the evidence was sufficient to allow the jury to infer intent from evidence of Stockmen's sole control of the heifers and delivery of cattle different than those purchased.

The judgment is affirmed.