### EDGAR G. WOOLFOLK *vs:* HENRY A. BRUNS.

### December 17, 1890.

**Appeal from Order—Effect of Suspersedeas Bond.**—Upon an appeal from an order, proceedings on it are stayed, and rights under it saved, only as of the date of *filing* the *supersedeas* bond. The *supersedeas* does not relate back to the date of the order so as to annul proceedings already had, or to restore rights under it which had previously expired.

Action on a promissory note of $500, brought by plaintiff, a non-resident of this state, in the district court for Clay county. On November 16, 1889, the plaintiff obtained an order allowing him to file security for costs *nunc pro tunc*, and for judgment against defendant unless the latter should serve an answer within 10 days after service of a copy of the order. The order was served November 19, 1889. Notice of appeal was served by defendant November 26th, and on the same day a sufficient *supersedeas* bond was executed and served on plaintiff's attorneys, with the notice of appeal, but the bond was not filed with the clerk of the court until January 2, 1890. The order appealed from was affirmed, (*Henry* v. *Bruns*, 43 Minn. 295 and note,) and the *remittitur* from the supreme court was filed in the district court on June 3, 1890. On June 5th the plaintiff served no-

tice of taxation of costs and for entry of judgment, for June 7, 1890. On June 6th the defendant obtained an order to show cause why the notice should not be set aside on the ground that the time for answering had not expired. On June 13th, before the hearing on the order to show cause, the defendant served an amended answer, which was returned to him by plaintiff's attorneys. The defendant appeals from an order by *Mills*, J., discharging the order to show cause on the ground that the defendant's time, to answer had expired before the filing of the *supersedeas* bond.

R. R. Briggs, for appellant.

*Burnham & Tillotson*, for respondent.

MITCHELL, J. A *supersedeas* is a statutory remedy, and is only obtained by a strict compliance with all the required conditions, one of which, in case of an appeal from an order, is that the *supersedeas* bond shall be filed in the office of the clerk of the court where the order is filed. Gen. St. 1878, *c.* 86, § 10. Hence, proceedings on the order are stayed, and rights under it are saved, as of the date of the filing of the bond. The *supersedeas* does not relate back to the date of the order, so as to annul proceedings already had, or restore rights under it already lost. The stay simply leaves the proceedings on the order, and the rights of the appellant under it, just as they are when it takes effect on the date of filing the bond. In the present case, the right of the appellant under the order to serve an amended answer had expired before the *supersedeas* bond was filed; and hence was not "saved" by the stay, as there was then nothing to save. See *Board of Com'rs* v. *Gorman*, 19 Wall. 661; *Foster* v. *Kansas*, 112 U. S. 201, (5 Sup. Ct. Rep. 8.)

Order affirmed.