CARL THALHEIM, AS SURVIVING PARTNER OF FRANCO-AMERICAN PHOSPHATE COMPANY, LATELY A COPARTNERSHIP COMPOSED OF CARL THALHEIM AND ACHILLE LAURENT, AND L. PAUL JUMEAU AS ADMINISTRATOR OF THE ESTATE OF ACHILLE LAURENT, DECEASED, *Plaintiffs in Error*, v. CAMP PHOSPHATE COMPANY, *Defendants in Error*.

Section 1272 of the Revised Statutes of 1892, being in derogation of the common law, must be strictly construed. Its effect is to change the common law rule requiring or permitting a sale of property levied on under an execution prior to the perfecting of the supersedeas, but it does not have the effect of restoring personal property previously levied on to the possession of the defendant in execution or of impairing the lien thereon created by the levy of the execution.

This case was decided by the court *En Banc*.

Writ of error to the Circuit Court for Marion county.

*Statement.*

On the 27th day of September, 1904, L. Paul Jumeau as administrator of the estate of Achille Laurent, deceased, one of the plaintiffs in error, filed a petition in this court for a rule *nisi* against Augustus T. Priest as Sheriff of Citrus county. In substance, the petition recited that the defendants in error, William N. Camp and Clarence Camp as partners under the firm name of Camp Phosphate Company, as plaintiffs, obtained a verdict in the Circuit Court of Marion county against Carl Thalheim as surviving partner of the firm of Franco-American Phosphate Company, one of the plaintiffs in error as defendant in the court below, on the 7th day of May, 1904, for the sum of $14,211.00, upon which verdict judgment for said sum and costs was rendered on the 11th day of May, 1904; that on the 16th day of May, 1904, an execution was issued by the clerk of said court upon

said judgment and the same was placed in the hands of said Augustus T. Priest as Sheriff of Citrus county, who on the 17th day of May, 1904, levied the same upon, among other things, two thousand tons of phosphate rock in said county in the possession and control of said petitioner; that on the 9th day of May, 1904, the defendants in said action filed their motion for a new trial, which was denied by said court on the 25th day of May, 1904; that said phosphate rock so levied upon was of the value of about $10,000.00, and that after said levy the petitioner, being under contract for the immediate delivery of five hundred tons of said phosphate rock, obtained the release of five hundred tons of said rock by said sheriff from said levy by placing in lieu thereof in the hands of said sheriff a certified check for $2,000.00; that at the time of the delivery of said check the said sheriff promised to and agreed with the petitioner that if petitioner gave the necessary bond and perfected a supersedeas to said final judgment on the writ of error sued out in said cause, then the said sheriff would release said fifteen hundred tons of phosphate and return to the petitioner said certified check; that on the 27th day of May, 1904, the defendants in the court below sued out from this court to said Circuit Court a writ of error against said judgment, returnable to the 14th day of July, 1904, but which return day was extended to the 15th day of August, 1904; that on the 30th day of June, 1904, a supersedeas to said final judgment was obtained by the petitioner upon said writ of error, upon petitioner giving a bond to said plaintiffs in the sum of $15,500.00, conditioned as required by law, which said bond was duly approved and accepted by the clerk of said court within the time allowed by law for the petitioner to perfect said supersedeas; that, notwithstanding the facts above stated, said sheriff refuses to release the balance of said rock from said levy or to restore the same or to return said certified check to the possession of the petitioner, but that said sheriff still retains said rock and said check in his

possession and is further proceeding thereby in relation to said judgment. Wherefore, petitioner prayed for a rule *nisi* against said sheriff, to show cause why he should not be adjudged to be in contempt of this court for violating the supersedeas granted in said cause.

On the 5th day of October, 1904, this court made an order directing the issuance of said rule as prayed, making the same returnable on the 12th day of October, 1904.

On said return day the said sheriff filed in this court his answer to said rule, in which he admitted practically all the facts alleged in said petition, with the exception of the promise made by him to the petitioner as alleged in said petition, stating that the only promise made by him to the petitioner when he accepted said certified check and released 500 tons of rock from said levy, which was done for the accommodation of the petitioner, was that said check would be accepted by him in lieu of the phosphate so released and that said check would be redelivered to the petitioner whenever the remainder of the property so levied upon under said execution should be released by said sheriff. Said return contains an amplification of the facts recited in the petition as well as some additional facts, but we deem it unnecessary to set them forth at length. Stress is laid upon the fact that said sheriff made said levy and took and retained actual possession of all of said rock before the writ of error was sued out or the supersedeas was perfected in said cause. The respondent denied in said return that the petitioner was entitled to the release of said rock and the restoration of the same to the petitioner or to the return of said check, but contended that it was the duty of respondent to retain the possession of both said rock and said check. The respondent disclaimed any intention to commit any contempt or to violate any order of this court.

The respective counsel for the parties argued the matter orally before this court on the 13th day of October, 1904, and the matter is now before us for decision.

*John G. Reardon* for plaintiffs in error.

*R. L. Anderson* and *O. T. Green* for defendants in error.

SHACKLEFORD, J. (*after stating the facts*).—The sole question presented to us for decision is as to what effect the perfecting of the supersedeas had upon the right of possession to the phosphate rock so levied upon by said sheriff. Was the petitioner entitled to the return of said rock and said check? If so, then the respondent is technically, at least, guilty of contempt.   It can hardly be contended that his conduct was intentionally and wilfully contumacious; if guilty of disobedience at all, his disobedience is qualified by circumstances which should fairly exempt him from serious blame. *Strickland v. Knight,* 47 Fla. 327, 35 South. Rep. 868; *Haines v. Haines,* 35 Mich. 138. As was said in the first headnote in *State ex rel. Duffy & Behan v. Civil District Court for Parish of Orleans,* 111 La. —, 36 South. Rep. 315, "A proceeding directed by a court against a party to show cause why he should not be punished for contempt of its authority in refusing to obey its orders is not one designed for the benefit of one or more of the litigants, though infliction of punishment upon that party under a finding that he was guilty as charged may inure to the benefit of the mover in the rule by way of consequence or result through his final compliance with the order. The object and purpose of the proceeding is to vindicate the authority and dignity of the court." Also see *Haines v. Haines, supra,* text 144.

The answer to the question which is now presented to us for decision has already been foreshadowed by previous decisions of this court.   In *Archer v. Hart,* 5 Fla. 234, text 253, it was said that "if the execution of the decree had been commenced, the *supersedeas* would arrest the proceedings at the stage in which they were when the *supersedeas* was allowed." In *County Commissioners of Polk County v. John-*

*son & Co.,* 21 Fla. 577, it was said that "A supersedeas to a final judgment not performed stays the execution thereof, but does not undo the performance of such judgment which has been fully performed." In the seventh headnote in *State et al. v. The Jacksonville, Pensacola and Mobile R. R. Co.,* 15 Fla. 201, it was said that "A supersedeas operates to suspend the action and power of the inferior court in the matter appealed from." In the first headnote in *Bacon v. Green,* 36 Fla. 313, 18 South. Rep. 866, it was said that "at common law a supersedeas, in order to stay proceedings on an execution, must be perfected before the issuance and levy of the execution; and where a sheriff made a levy before a supersedeas attached, he was required to proceed to sell without out regard to the subsequent allowance of the supersedeas. The effect of the statute (R. S. sec. 1272) providing that the allowance and perfection of a supersedeas shall suspend all further proceedings in relation to the judgment, is to change the common law rule requiring or permitting a sale of property after the perfection of the supersedeas, though the levy should be made before the allowance of such writ."

It was further held in said last cited case that a supersedeas perfected on a writ of error from a judgment will not have the effect to restore personal property to the possession of the defendant which has been previously attached and specifically condemned by final judgment to sale, said property still remaining in the hands of the sheriff at the time of the perfecting of the supersedeas. If the lien so created upon said property can not be impaired and the possession thereof divested by the suing out of a writ of error and the perfecting of a supersedeas, we do not see how the lien created by the levy of an execution or the possession of the sheriff by virtue thereof can be impaired or divested by like proceedings.

We are of the opinion that it is but carrying the reasoning of this court in the cases cited to its logical conclusion to hold that the perfecting of a supersedeas stays *fur-*

Thalheim *et al.* v. Camp Phosphate Co.—Opinion of Court.

*ther proceedings,* but does not interfere with what *has already been done. Board of Commissioners v. Gorman,* 19 Wall, 661. If this be true, it would seem to follow that the levy of an execution is not defeated by a subsequent writ of supersedeas, but that the only effect a supersedeas can have in such a case is to stay all further proceedings, letting things which have already been done remain in *statu quo. Freeman v. Dawson,* 110 U. S. 264, 4 Sup. Ct. Rep. 94, and authorities cited therein; 11 Amer. & Eng. Ency. of Law (2nd ed.) 698; *Runyon v. Bennett,* 4 Dana (Ky.) 599. *First National Bank of Hastings v. Rogers,* 13 Minn. 407; *Robertson v. Davidson,* 14 Minn. 554; *Woolfolk v. Bruns,* 45 Minn. 96, 47 N. W. Rep. 460; *Foster v. Kansas,* 112 U. S. 201, 5 Supt. Ct. Rep. 8, 97; 1 Freeman on Executions, sec. 32a; 2 *Ibid.,* sec. 271a.

We recognize that the authorities upon this point are in irreconcilable conflict. See *The People v. The Judges of New York Common Pleas,* 1 Wend. 81, and cases cited in note. Some other courts have followed New York to the effect that a supersedeas will result in a restitution of the property levied on, no sale having taken place, but we are of the opinion that the weight of authority as well as the reason of the law is otherwise. As was said in *Boyle v. Zacharie,* 6 Pet. 648, text 659, "Nothing is better settled at the common law than the doctrine that a supersedeas, in order to stay proceedings on an execution, must come before there is a levy made under the execution." See *United States v. Dashiel,* 3 Wall. 688, text 700.

Section 1272 of the Revised Statutes being in derogation of the common law must be strictly construed and we fail to find anything in its language which would warrant us in holding that upon the perfecting of a supersedeas what has already been done under a judgment or excution should be annulled, and where personal property has already been levied upon that it should be restored to the possession of the defendant in execution.

It follows that the rule must be discharged, and it is so ordered, at the cost of the plaintiffs in error.

TAYLOR, C. J., COCKRELL, HOCKER and WHITFIELD, JJ., concur.

CARTER, J., absent by reason of sickness in his family.