EDWARD J. SCOFIELD v. FRANK SCHEAFFER.[1]

April 24, 1908.

Nos. 15,571—(81).

**Appeal Bond.**

An ordinary cost bond, such as authorized by R. L. 1905, § 4366, conditioned on the payment of costs and charges which may be awarded against appellant on the appeal, does not operate as a supersedeas.

The facts are stated in the opinion. From the second order of the district court for Grant county, Flaherty, J., directing the sheriff to remove the water gates in a certain mill pond in case the plaintiff and his attorney did not remove them, and reduce the height of water to the extent that it was reduced by the sheriff on October 4, 1907, plaintiff appealed. Affirmed.

*K. T. Dahlen* and *N. J. Bothne,* for appellants.

*E. J. Scofield* and *R. J. Stromme,* for respondent.

**PER CURIAM.**

This case grew out of Scofield v. Scheaffer, supra, page 123, 116 N. W. 210. The judgment in that case was entered on October 4, 1907, and on the same day an appeal was taken by defendant to the supreme court by the service of the notice of appeal and bond. Thereafter an attempt was made to carry out the directions contained in the judgment by opening the gates in the dam. The defendant replaced the gates, and after a hearing on an order to show cause why he should not open them again the court made a further order directing the defendant or the sheriff to execute the judgment. No supersedeas bond was filed, and the district court therefore retained jurisdiction for the purpose of executing the judgment. Briggs v. Shea, 48 Minn. 218, 50 N. W. 1037; State v. Young, 44 Minn. 76, 46 N. W. 204. An ordinary cost bond, such as authorized by R. L. 1905, § 4366, conditioned upon the payment of costs and charges which may be awarded against the appellant upon the appeal, does not operate as a supersedeas bond.

The order of the trial court is therefore affirmed.

[1] Reported in 116 N. W. 211.