ELIZABETH H. HOLMES v. THERON A. HOLMES.

91 N. W. (2d) 79.

June 20, 1958—No. 37,327.

*Ryan, Ryan & Ebert,* for appellant.
*Fitzpatrick & Larson,* for respondent.

PER CURIAM.

Respondent, pending an appeal from a judgment in the above-entitled divorce action, moves this court for an order requiring appellant to execute and furnish a bond—in a sum to be fixed by this court—to protect her from appellant's nonpayment of installments of support money, accrued and to accrue, and further to assure the payment to her by appellant of her costs and attorneys' fees which may be incurred upon this appeal; and for a further order requiring appellant either to deliver certain chattels—assigned to her in the final decree of divorce—into the custody of the court, or, in lieu thereof, to furnish a bond conditioned that appellant will obey orders of this court upon appeal.

■ In perfecting his appeal from a judgment to this court, appellant filed a $250 cost bond pursuant to M. S. A. 605.10. It is elementary that the filing of a cost bond, as distinguished from a supersedeas bond, does not stay proceedings in the trial court.[1] Although appellant might have stayed proceedings in the trial court by filing a supersedeas bond pursuant to §§ 605.11, 605.12, and 605.13, he did not choose to do so. Since the case is pending in this court upon a cost bond alone, the court below continues to exercise jurisdiction for respondent's protection. See, Axford v. Western Syndicate Investment Co. 141 Minn. 412, 168 N. W. 97, 170 N. W. 587.[2]

■ Respondent is in error in assuming that this court may compel appellant to file a supersedeas bond or any other bond designed for similar purposes. The obligation to execute an appeal bond is wholly statutory. In the absence of express statutory authority, this court cannot require a bond as a condition of the right to appeal.[3] We likewise here find no basis for ordering appellant (as a substitute for a super-

[1]See, Scofield v. Scheaffer, 104 Minn. 127, 116 N. W. 211; Thwing v. McDonald, 134 Minn. 148, 156 N. W. 780, 158 N. W. 820, 159 N. W. 564; Sweeney v. Village of Ellsworth, 135 Minn. 474, 159 N. W. 1067.

[2]In certain cases the Uniform Reciprocal Enforcement of Support Act is available. See, State of Illinois ex rel. Shannon v. Sterling, 248 Minn. 266, 80 N. W. (2d) 13.

[3]Woolfolk v. Bruns, 45 Minn. 96, 47 N. W. 460; 1 Dunnell, Dig. (3 ed.) § 326. M. S. A. 605.11, 605.12, and 605.13 confer upon the court no authority to compel an appellant to execute a supersedeas bond.

sedeas bond) to deliver into the custody of the court the chattels hereinbefore mentioned.

Since appellant's motion in part requests a bond for the purpose of securing to her the payment of costs and attorneys' fees upon this appeal, we shall treat this part of the motion as simply a motion for temporary attorneys' fees and costs upon appeal. Pending the appeal respondent is allowed $500 temporary attorneys' fees and $150 to apply on costs and disbursements in preparing for the appeal. The aforesaid temporary attorneys' fees of $500 and temporary allowance of costs and disbursements of $150 shall be paid by appellant to the respondent through the latter's attorneys on or before 60 days from date hereof.

Except as to the allowance of temporary attorneys' fees and costs upon this appeal, as above set forth, respondent's motion is denied.