LLOYD ALEXANDER TOURVILLE v. MARY ANN TOURVILLE.

185 N. W. (2d) 281.

March 19, 1971—No. 42596.

*Lloyd Alexander Tourville*, pro se, for appellant.

*Douglass, Bell, Donlin, Schultz & Petersen* and *Warren M. Horner*, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Kelly, and Odden, JJ.

---

[1] Boesch v. Nordby, 265 Minn. 232, 121 N. W. (2d) 163; Berg v. Knutson, 257 Minn. 595, 100 N. W. (2d) 99.

PER CURIAM.

Plaintiff timely filed a pro se appeal from a denial of his post-trial motions and from the judgment awarding defendant a divorce, custody of their 10-year-old son, child support, alimony, and a division of property acquired during coverture. Thereafter, he filed an additional notice of appeal from an order of the district court issued after the entry of judgment pursuant to Rule 108, Rules of Civil Appellate Procedure, the purpose and effect of which was to require plaintiff to execute a supersedeas bond, as required by Rule 108.01, in the amount of $3,250 if he desired to stay the enforcement of the judgment during the pendency of his appeal.

Plaintiff's appeal from this order was based upon his misconception that the district court intended thereby to compel him to file a supersedeas bond as a condition to his right to an appellate review of the merits of the court's decision. Despite assurances to the contrary by defense counsel, he has persisted in this misconception and has failed to comply with Rule 110.02, with respect to a transcript of the proceedings, or Rule 128, governing the contents of an appellate brief, to enable this court to review the matter on the merits. Rather, his brief and oral argument are devoted solely to the elementary principle of appellate procedure, with which all would agree, that a review on the merits is not precluded by appellant's decision not to seek a stay of proceedings pending appeal by exercising his right not to file a supersedeas bond.

Giving plaintiff the benefit of doubt that his failure to properly complete and present his appeal on the merits is due to his unfortunate misconception of the effect of the order setting the amount of the supersedeas bond, we do not dismiss his appeal, as would clearly be justified for noncompliance with the Rules of Appellate Procedure. Noltimier v. Noltimier, 280 Minn. 28, 157 N. W. (2d) 530. According him every possible consideration, we continue his appeal, renewing it in point of time as being filed as of the date this decision is filed with the clerk of this court. Within 10 days of said date, plaintiff shall, within the time and in the manner required by the applicable rules, including specifically Rules 110.02 and 128.01, complete his appeal for submission and review of the district court's decision on the merits.

No costs or disbursements shall be allowed to either party pending further proceedings in this court but without prejudice to the defendant to apply to the district court for allowance of such costs, including attorneys' fees, in the event of a subsequent dismissal of plaintiff's appeal upon his failure to comply with required appellate procedures.

Appeal continued.