**Warren TIMM, Appellant,**

v.

**STATE BANK OF YOUNG AMERICA, Respondent.**

**No. C3–85–1033.**

Court of Appeals of Minnesota.

Oct. 8, 1985.

William H. Cowell, Gaylord, for appellant.

Mary Kendall Adler, Chaska, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Warren Timm appeals from an order granting respondent's motion for summary judgment. Timm contends the trial court erred because there are material issues of fact that remain for trial. We affirm.

## FACTS

Timm executed two mortgages to respondent State Bank of Young America (bank). Timm defaulted. A foreclosure sale was held on December 13, 1983. The bank made the only bid on the property. Timm's redemption period expired one year later on December 13, 1984. Timm brought a complaint and filed a lis pendens on December 11, 1984. The bank obtained summary judgment on the complaint on March 19, 1985. This appeal followed.

## ISSUE

Did the trial court properly grant summary judgment?

## ANALYSIS

A motion for summary judgment may be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03.

Appellant Warren Timm contends that there remain material issues of fact and therefore summary judgment should not have been granted.

1. Timm first argues that "all banking procedures similar to the State Bank of Young America are unlawful." Specifically, Timm contends that the bank only credited his account with the amount of the loan, that this was not "lawful money," and cannot constitute consideration for his obligation to repay the loan.

Timm's argument flies in the face of logic and law. The legality of state banking practices is not an issue of fact. We find no merit in this contention.

2. Timm next argues that "the only valid consideration for the note was the five percent reserve requirement." Timm contends that the interest charged was "usurious" because the loan was only supported by this five percent reserve. There is no merit in this contention.

3. Timm further claims that he holds the patent on the property and that the claims of the bank are defeated by his "superior title." Timm claims he patented the land in 1984.

■ A patent is a device used by a governmental unit to clear title to large areas of land in order to distribute it to the public. Here, the land records show that this property was patented in 1862. The statute authorizing land patents was repealed in 1976. Act of Oct. 21, 1975, Pub.L. No. 94–579, Title VII, § 702. This claim is frivolous.

4. Finally, Timm contends that the bank has acted fraudulently and will be unjustly enriched by foreclosing on the property.

■ The circumstances constituting fraud must be stated with particularity. Minn.R.Civ.P. 9.02. Timm made no such claim in his complaint and may not raise this issue for the first time on this appeal.

The claim of unjust enrichment stems from Timm's assertion that the property is worth more than the bank paid at the foreclosure sale. No claim has been made challenging the propriety of the mortgage foreclosure proceedings. The bank has acknowledged its intention and obligation to protect Timm's interest and advance any excess monies which may result from the sale of the property. However, no subsequent sale by the bank has occurred because of the lis pendens filed by Timm. The bank has realized no gain on the property. This claim is not properly before us.

■ 5. Respondent bank requested *in its brief* that attorney's fees be awarded for this appeal. Attorney's fees may only be awarded if a party gives "timely notice of intent to claim an award." Minn.Stat. § 549.21 (1984). Respondent's request in its brief does not constitute timely notice.

### DECISION

The trial court properly determined that there were no genuine issues of material fact. Respondent was entitled to summary judgment as a matter of law.

Affirmed.