**MARQUE PLUMBING, INC., Appellant,**

**v.**

**George E. ANDERSON, et al., and Keith G. Doan, et al., and Joan M. Fossum, Norwest Mortgage Company, and Roger W. Grupp, et al., Lumbermen's Investment Corporation, and Michael J. Jarzyna, Banco Mortgage Company, n.k.a. Norwest Mortgage, Inc., and Daniel I. Kielpinski, et al., Banco Mortgage Company, n.k.a. Norwest Mortgage, Inc., and Mark E. Mullins, et al., F.C. Hayer Company, and John P. Ploncinsky, et al., Lumbermen's Investment Company, and Cynthia A. Strom, et al., Respondents,**

**Cinnamon Ridge Carriage Homes Association, et al., Defendants.**

**No. C8–85–1660.**

Court of Appeals of Minnesota.

Jan. 14, 1986.

Review Denied March 24, 1986.

Kurt M. Anderson, Thomas P. Balyk & Associates, St. Paul, for Marque Plumbing, Inc.

David R. Mylrea, Dan Biersdorf, Estes, Parsinen & Levy, P.A., Minneapolis, for George E. Anderson, Lumbermen's Inv. Co. and Mark E. Mullins, et al.

David W. Lee, Richfield, for Keith G. Doan, et al.

Tom Rowe, Joseph Kueppers, St. Paul, for Joan M. Fossum.

Barry A. Sullivan, Stockman, Sullivan & Sadowski, Coon Rapids, for Roger W. Grupp, et al.

Timothy D. Clements, Cold Spring, for Michael J. Jarzyna.

Richard H. Speeter, Minneapolis, for Daniel I. Kielpinski, et al.

Steven G. Potach, Minneapolis, for F.C. Hayer Co.

Philip G. Lind, Minneapolis, for John P. Ploncinsky, et al.

Russell L. Streefland, Burnsville, for Cynthia A. Strom, et al.

Heard, considered and decided by WOZ-NIAK, P.J., and FORSBERG and NIER-ENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

This appeal is not rendered moot because of failure to post a supersedeas bond. Summary judgment is proper for respondents due to appellant's failure to properly serve post-lien statements on legal owners of record. We affirm.

## FACTS

This case involves mechanic's liens asserted by appellant, Marque Plumbing, Inc., against numerous properties in the

Cinnamon Ridge Carriage House Condominium development in Eagan, Minnesota. Prior to May 1983, the fee owner of the properties was Zachman Homes, Inc., a developer in the business of building presold homes.

Marque was a subcontractor which supplied plumbing work and materials on the Cinnamon Ridge development from February 7, 1983 to June 16, 1983. Zachman filed bankruptcy on November 2, 1983 and never paid Marque for its work or materials. Marque subsequently brought a total of 20 lien foreclosure actions against homeowners and their mortgagees for work and materials supplied at Cinnamon Ridge. The respondents in this case are nine homeowners who bought homes from Zachman, and two investment companies which hold mortgages on their properties. A separate appeal, *Marque Plumbing, Inc. v. Barris,* 380 N.W.2d 174 (Minn.Ct.App.1986), filed contemporaneously with this opinion, involves another one of the homeowners.

At the time it began work at Cinnamon Ridge, Marque requested owner information from Zachman pursuant to Minn.Stat. § 514.011, subd. 3 (1982). The trial court found that Zachman provided the names of three homeowners, but was subsequently uncooperative in answering these requests. Marque made no further ownership inquiries, but did serve timely pre-lien notice on the three homeowners whose names it had obtained from Zachman. (None of these three homeowners is involved in this appeal.) None of the other homeowners received pre-lien notice. Lien statement copies for all properties were served only on Zachman as owner, even though, in every case, the closings had already taken place and Zachman was no longer the owner.

On May 23, 1985, the trial court entered summary judgment in favor of twelve homeowners and the two investment companies. Of the nine homeowners involved in this appeal, the trial court held that Marque should have given pre-lien notice under Minn.Stat. § 514.011, subd. 2 (1982) to six of them because it should have

known of the interests of these homeowners in their properties at the time it commenced work. The court held that no pre-lien notice was required as to the other three homeowners because they had no interest in their properties at the time Marque commenced work. The court held, however, that these homeowners should have been named and served as owners when the lien statement was filed and served pursuant to Minn.Stat. § 514.08 (1982).

On October 11, 1985, several of the respondent homeowners and the mortgagees brought a motion to dismiss this appeal as moot on the grounds that the liens and the notices of lis pendens in this case had been discharged of record by the trial court due to Marque's failure to post a supersedeas bond. On September 23, 1985, this court ordered that the decision on the motion to dismiss be deferred and considered with the merits of the appeal.

## ISSUES

1. Is this appeal moot due to the trial court's discharge of the mechanic's liens and the lis pendens?

2. Did appellant's liens cease at the end of 90 days from the furnishing of the last item of labor or materials, due to appellant's failure to serve copies of the lien statements on the respondent homeowners?

## ANALYSIS

■ 1. This court has held today, in the related appeal of *Marque Plumbing, Inc. v. Barris,* 380 N.W.2d 174 (Minn.Ct.App. 1986), that the appeal in that case was not rendered moot by Marque's failure to file the supersedeas bond. Because this case involves the same litigation and the facts relevant to the mootness are identical, we follow the *Barris* holding in this decision and conclude that this appeal is not moot.

■ 2. Minn.Stat. § 514.08, subd. 1 (1982), provides that a lien ceases at the end of 90 days from the date of the last item of work or material unless a copy of

the lien statement is served on the owner of the property.[1] The lien statement must set forth the name of the owner of the property "according to the best information then had."

Here, Marque served copies of the lien statement on Zachman only. At the time the statements were served, Zachman had no interest whatsoever in the property. The closings had been held on all the subject properties, and the homeowners were thus the legal owners of record at the time the lien statements were filed.

The resolution of this issue is controlled by our decision today in *Barris, supra.* Here, as in *Barris,* no one who held an ownership interest in the property was served. As we held in *Barris,* although a lien claimant is not required to serve *all* parties with an ownership interest in the property, *see Minnesota Wood Specialties, Inc. v. Mattson,* 274 N.W.2d 116 (Minn. 1978), the requirements of Minn.Stat. § 514.08, subd. 1 (1982), cannot be met by serving only a party with no ownership interest whatsoever in the property with a copy of the lien statement.

Marque also argues on appeal that no pre-lien notice was required in this case and that the supersedeas bond ordered by the trial court was excessive. Because the post-lien notice issue is dispositive of this appeal, it is unnecessary to reach these issues.

## DECISIONS

1. This appeal is not rendered moot due to appellant's failure to post the supersedeas bond.

2. The trial court properly granted summary judgment for respondents due to appellant's failure to serve the post-lien statement on the legal owner of record or on anyone with an ownership interest in the property.

Affirmed.

1. The 1982 version of the mechanic's lien statute is applicable in this case. The current version of the statute provides that the lien ceases at the

end of 120 days after the last item of work or material is provided. *See* Minn.Stat. § 514.08, subd. 1 (1984).