MARQUE PLUMBING, INC., Appellant,

v.

Marty A. BARRIS, et al., Respondents,

Cinnamon Ridge Carriage Homes Association, et al., Defendants,

F.C. Hayer Company, Michael J. Jarzyna, Daniel I. Kielpinski, et al., Joan M. Fossum, Roger W. Grupp, et al., John P. Ploncinsky, et al., Cynthia A. Strom, et al., Keith G. Doan, et al., Respondents.

No. C8–85–1979.

Court of Appeals of Minnesota.

April 1, 1986.

---

Kurt M. Anderson, Thomas P. Balyk & Associates, St. Paul, for Marque Plumbing, Inc.

David R. Mylrea, Daniel J. Biersdorf, Estes, Parsinen & Levy, P.A., Minneapolis, for Marty A. Barris, et al.

Steven G. Potach, Minneapolis, for F.C. Hayer Co.

Timothy D. Clements, Cold Spring, for Michael J. Jarzyna.

Richard H. Speeter, Minneapolis, for Daniel I. Kielpinski, et al.

Joseph F. Kueppers, St. Paul, for Joan M. Fossum.

Barry A. Sullivan, Stockman, Sullivan & Sadowski, Coon Rapids, for Roger W. Grupp, et al.

Philip G. Lind, Minneapolis, for John P. Ploncinsky, et al.

Russell L. Streefland, Burnsville, for Cynthia A. Strom, et al., Respondents,

David W. Lee, Minneapolis, for Keith G. Doan, et al.

Considered and decided by HUSPENI, P.J., and FOLEY and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal of a summary judgment awarded to respondents who are property owners in the Cinnamon Ridge Carriage Homes development. Appellant Marque Plumbing, Inc. (Marque) contends the trial court erred when it ordered the discharge of lis pendens after Marque failed to post a required supersedeas bond. Respondents contend the appeal is moot and move for attorney fees under Minn.Stat. § 549.21 (1984). We dismiss the appeal as moot and deny respondents' motion for attorney fees.

## FACTS

On June 3, 1985, the trial court granted summary judgment to respondents and ordered all liens and lis pendens of Marque discharged because Marque failed to meet the notice requirements of Minn.Stat. § 514.011 (1982). Marque brought separate appeals against two groups of property owners. In *Marque Plumbing, Inc. v. Barris*, 380 N.W.2d 174 (Minn.Ct.App. 1986), *pet. for rev. filed*, (Minn. Feb. 14,

1986) (*Marque I*), and *Marque Plumbing, Inc. v. Anderson*, 380 N.W.2d 180 (Minn. Ct.App.1986), *pet. for rev. filed*, (Minn. Feb. 14, 1986) (*Marque II*), this court addressed both the mootness issue and the notice requirement issue, and affirmed summary judgment for the property owners.[1]

On June 25, 1985, the trial court reinstated the lis pendens on the condition that Marque post a supersedeas bond. Marque's motion in *Marque I* to vacate the bond requirement was denied by this court's order of July 30, 1985, which stated:

> If appellant wishes to stay the discharge order pending appeal, it must post a supersedeas bond as ordered by the trial court.

On October 11, 1985, the supreme court denied Marque's petition for review of the July 30 order.

On September 26, 1985, the trial court again ordered the lis pendens discharged because Marque refused to post a supersedeas bond. After this court denied a motion in *Marque II* to vacate that order, Marque brought this third appeal.

On December 24, 1985, respondents filed their brief and made a motion for attorney fees. By our order of December 30, 1985, we deferred our decision on the motion until we considered the merits of this appeal.

## ISSUES

1. Is this appeal moot?

2. Are respondents entitled to attorney fees on appeal?

## ANALYSIS

### I.

A case is "moot" when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. *See In re Township of Glendale v. Minnesota Municipal Commission*, 288 Minn. 340, 343, 180 N.W.2d 925, 927 (1970). Marque concedes that our decision in this appeal depends upon the outcome of *Marque I* and *Marque II*, and "if they are affirmed, * * * they will serve to discharge all liens and this appeal will be moot."

■ *Marque I* and *Marque II* affirmed the trial court's award of summary judgment in favor of respondents. *Marque I*, 380 N.W.2d 174; *Marque II*, 380 N.W.2d 180. We agree with Marque that our decisions on the merits in *Marque I* and *Marque II* serve to render this appeal moot. We need not address here the other mootness issue raised by respondents, which we were required to address in the two earlier opinions.[2]

### II.

Attorney fees may be awarded to a party under Minn.Stat. § 549.21 (1984) which provides:

> Upon motion of a party, the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party * * * charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court. *To qualify for an award under this section, a party shall give timely notice of intent to claim an award.*

(Emphasis added). This court recently held that a request for attorney fees in a brief

---

1. In *Marque I* and *Marque II* this court ruled that because all parties on appeal were the same parties that appeared in the original proceeding, the trial court's discharge of the lis pendens and mechanic's liens due to Marque's failure to post a supersedeas bond did not render the appeal moot. We resolved the notice requirement issue on the merits in respondents' favor in each case.

2. If we addressed the merits of this appeal, our decision would be controlled by our July 30, 1985 order in *Marque I*, which addressed the supersedeas bond requirement. That order established the law of the case; we see no reason to readjudicate the issue here. *See Minnesota Power & Light Co. v. Minnesota Public Utilities Commission*, 342 N.W.2d 324, 327 (Minn.1983).

"does not constitute timely notice." *Timm v. State Bank of Young America,* 374 N.W.2d 588, 590 (Minn.Ct.App.1985).

■ Here respondents filed their motion for attorney fees contemporaneously with their brief. We do not believe that this procedure affords an adverse party notice that is in any way superior to the notice held untimely in *Timm.* The motion for attorney fees is accordingly denied.

## DECISION

This appeal is dismissed as moot because previous decisions of this court upheld summary judgment awards in favor of respondents. Respondents' motion for attorney fees is denied because it was untimely.

Dismissed.

FOLEY, Judge (concurring specially).

Although I concur in the majority's resolution of the case dismissing the appeal as moot, I believe that an elaboration on mootness is in order since my reasons for dismissing the appeal as moot are different from the other members of the panel. It is well established that if pending an appeal, an event occurs which renders it impossible to grant any relief or which makes a decision unnecessary, the appeal will be dismissed. *In re Township of Glendale, Scott County,* 288 Minn. 340, 343, 180 N.W.2d 925, 927 (1970); *Barnes v. Macken,* 252 Minn. 412, 415, 90 N.W.2d 222, 226 (1958). Further, decisions by a court "should be limited to real controversies involving existing facts and rights asserted thereunder." *Dehning v. Marshall Produce Co.,* 215 Minn. 339, 340, 10 N.W.2d 229, 229 (1943).

A supersedeas bond is not a prerequisite to securing appellate review. *Tourville v. Tourville,* 289 Minn. 544, 185 N.W.2d 281 (1971). Rule 108.01 of the Minnesota Rules of Civil Appellate Procedure provides that proceedings in the trial court shall be stayed and save all the rights thereby affected if the appellant posts a supersedeas bond "in the amount and from which the trial court shall order and approve * * *." Moreover, upon motion, the trial court has the discretion to require the filing of a supersedeas bond "if it determines that the provisions of Rule 108 do not provide adequate security to the respondent." Minn. R.Civ.App.P. 108.01, subd. 7. *See State v. Northern Pacific Railway Co.,* 221 Minn. 400, 22 N.W.2d 569 (1946).

Here, appellant was required to file a supersedeas bond equal to 1½ times the amount of each lien claim. Appellant refused to do this despite this court's July 30, 1985 order denying appellant's motion to reduce or vacate the bond as excessive under *Sisto v. Housing and Redevelopment Authority of Duluth,* 258 Minn. 391, 104 N.W.2d 529 (1960). Further, appellant's petition for review of this decision to the supreme court was denied.

Appellant's claim that the trial court was without jurisdiction to discharge the lis pendens is similarly without merit. In *Scofield v. Scheaffer,* 104 Minn. 127, 116 N.W. 211 (1908), the trial court retained jurisdiction for purposes of executing a judgment when the appellant failed to file a supersedeas bond. Appellant should not be heard to complain when its own inaction vested the trial court with the power to discharge the lis pendens during pendency of the appeal. Minn.Stat. § 514.08 (1982) provides in part:

> The lien shall cease at the end of 90 days after doing the last of such work, or furnishing the last item of such skill, material, or machinery, unless within such period:
>
> (1) A statement of the claim therefor, be filed with the county recorder of the county in which the improved premises are situated, * * *.

The logical import of this provision is that once a lien statement is filed of record, it must be maintained of record after that time. Failure to do so is a fatal defect to a continuing claim that a mechanics lien exists. In reference to the lis pendens, Minn. Stat. § 514.12, subd. 3 (1982) provides in part:

> [A]s to a bona fide purchaser, mortgagee, or encumbrancer without notice, the

absence from the record of a notice of lis pendens of an action after the expiration of the year in which the lien could be so asserted shall be conclusive evidence that the lien may no longer be enforced * * *.

Since both the mechanics lien and the lis pendens were discharged on October 9, 1985, appellant no longer has a basis for enforcement of his claim. The issues are moot and the case should therefore be dismissed.