**ALL LEASE CO., INC., Respondent,**

v.

**Joseph B. PETERS, individually and d/b/a Four Aces Distributing, et al., Respondents,**

**Melvin J. DOYLE, et al., Defendants and Third–Party Plaintiffs, Petitioners,**

v.

**AIR CONTROL EQUIPMENT COMPANY, et al., Third–Party Defendants,**

**and**

**Michael David, et al., d/b/a Shadetree Plastics Enterprise, Richard Girouard, et al., Robert Kohs, et al., d/b/a Kohsons Plastics, Gerald Lundstedt, et al., d/b/a G–R–L Products, Marvin Roshell, et al., Richard O'Connel, et al., d/b/a Nelcon Plastics, and Curtiss Wallace, et al., Third–Party Defendants, Respondents.**

No. C8–88–958.

Court of Appeals of Minnesota.

June 14, 1988.

Gregory D. Peterson, Minneapolis, for petitioners.

James LaFave, St. Paul, for All Lease Co.

Kenneth J. Rohleder, St. Paul, for Marvin Roshell.

Robert M. Greising, Waterville, for Curtiss Wallace.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and FORSBERG, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

## FACTS

Petitioners have separately appealed a money judgment, briefing is complete on that appeal, and the matter has been submitted for decision. By order on April 15 the trial court directed petitioners to post a supersedeas bond as a condition of continuing their appeal. Petitioners seek a writ of prohibition.

## DECISION

A supersedeas bond is not required to perfect an appeal. The trial courts may not compel a party "to file a supersedeas bond as a condition to his right to an appellate review of the merits of the court's decision." *Tourville v. Tourville*, 289 Minn. 544, 545, 185 N.W.2d 281, 282 (1971). The supreme court in *Tourville* restated "the elementary principle of appellate procedure, with which all would agree, that a review on the merits is not precluded by appellant's decision not to seek a stay of proceedings pending appeal by exercising his *right* not to file a supersedeas bond." *Id.* (emphasis added).

In the absence of a bond, respondents may enforce the money judgment. The trial court exceeded its authority by requiring petitioners to post a supersedeas bond, and its order is valid only to the extent it establishes the amount of a bond to be posted *if* the petitioners choose to post a bond and obtain a stay of enforcement.

Writ of prohibition issued.